IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEON LAMONT BAILEY | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv126 |
| JODY R. UPTON | § | |

MEMORANDUM OPINION

Petitioner Leon Lamont Bailey, an inmate confined at the Federal Correctional Institution at Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

Petitioner complains that the Bureau of Prisons has not given him credit towards his sentence for time spent in the Texas Department of Criminal Justice, Correctional Institutions Division, after his federal conviction.

Analysis

The response to the administrative appeal petitioner filed at the national level states the Bureau of Prison refused to recalculate his sentence to grant him credit for the time he spent in state custody for the following reasons:

> A review of your record reveals that on September 10, 1998, you were arrested by state authorities in Texas,

based on a state Burglary of Habitation charge. The circumstances of this arrest also resulted in your instant federal offense for Possession of a Firearm by a Felon. You remained in state custody and on September 15, 1998, the State of Texas issued a warrant for your arrest for violating the conditions of parole supervision related to a previously imposed state term of imprisonment. On March 26, 1999, you were sentenced to a 13-year state term of imprisonment for the Burglary of a Habitation offense committed on September 10, 1998. In addition, your parole supervision was ultimately revoked by the State of Texas on an unspecified date.

On September 12, 1999, while in the service of your state sentences, you were transferred into federal custody pursuant to a federal writ of habeas corpus ad prosequendum. You were sentenced in federal court on October 13, 1999, to a 110-month term of imprisonment for Possession of a Firearm by a Felon. At the time of the sentencing, the federal court did not order the sentence to be served concurrent with the undischarged state sentences. You were returned to state authorities on October 14, 1999, to serve the remainder of your state sentences. On August 1, 2005, you satisfied the parole revocation term as well as the 13-year term and [were] released to federal custody.

Both Bureau of Prisons' Program Statement (P.S.) 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, and Title 18 U.S.C. § 3585(b), preclude the application of prior custody credit for time that has been credited toward another sentence, therefore, you are not entitled to prior custody credit for any of the time you spent in custody from September 10, 1998, through July 31, 2005. Furthermore, P.S. 5880.28 and Title 18 U.S.C. § 3584(a) stipulate that sentences imposed at different times are to be served consecutively unless the court orders the terms to run concurrently. Although the federal sentencing court is authorized under U.S. Sentencing Guideline § 5G1.3 to alter the manner in which a federal sentence is served in order to achieve a reasonable punishment for the offense, the federal court did not order your federal

sentence to run concurrent with your undischarged
terms of imprisonment in Texas.  Therefore, federal
statutes prohibit your federal sentence from com-
mencing until you are in exclusive federal custody.
Exclusive federal custody was affected on August 1,
2005, when you satisfied your state sentences and
[were] released to federal custody.

In addition, attached to the response filed to the petition is the declaration of James E. Hazelton, a Correctional Programs Specialist at the Designation and Sentence Computation Center of the Bureau of Prisons.  Mr. Halzelton states, in part, as follows:

> In a letter dated September 19, 2006, in response to a
> letter from Bureau of Prisons' Regional Director, G.
> Maldondo, Jr.'s query about whether petitioner's federal
> sentence should run concurrent to his state sentence,
> Judge Walter Smith stated that ... "It was my intent
> at the time of sentence and remains my intent that
> Bailey serve his federal sentence concurrent with his
> state sentences in Cause Nos. 15,092 and 15,094 from
> the 52nd Judicial District Court of Coryell County,
> Texas, and consecutive to his state parole revocation
> terms in Cause Nos. 41,015, 41,016 and 41.017."
>
> Program Statement 5880.28 and 18 U.S.C. § 3585(b) ...
> preclude the application of jail credit for either time
> that has been credited toward another sentence or for
> time spent serving another sentence.  Because Bailey
> received credit toward his state sentence for time spent
> in state custody from October 13, 1998, through July
> 31, 2005, and because he was in service of his state
> parole revocation term [in] cause numbers 41,015,
> 41,016 and 41,017, none of this time is creditable towards
> federal sentence.
>
> Base on the above, Bailey's sentence computation con-
> ducted by the Bureau of Prisons on his 110-month term
> of imprisonment reflected a sentence commencement date
> of August 1, 2005, the date he released from state

custody and arrived in federal custody for service of his sentence. This resulted in consecutive service as ordered by the Court. However, concurrent service with Cause Nos. 15,092 and 15,094, was not possible due to his release by parole from those sentences at the same time he paroled from Cause Nos. 41,015, 41,016 and 41,017.

18 U.S.C. § 3585 provides as follows:

(a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant is to be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

    (1) as a result of the offence for which the sentence was imposed; or

    (2) as a result of any other charge for which the the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited towards another sentence.

The mandate of Section 3585(b) is clear. A federal inmate may be given credit for any time he spent in official detention sentence only if such time has also not been credited towards his state sentence. Petitioner asserts he should receive credit towards his federal sentence for a certain part of the time he spent in state custody. However, documents submitted by the respondent demonstrate petitioner was given credit towards his

4

state sentence for such period of time. As a result, Section 3585 does not permit such period of time to also be used to reduce his federal sentence. In addition, while the federal sentencing judge stated the federal sentence should be served concurrently with the new state terms of imprisonment and consecutive to the state parole revocation terms, the fact that all of the state terms discharged at the same time made this impossible. This petition for writ of habeas corpus is therefore without merit.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be denied. An appropriate final judgment shall be entered.

**SIGNED** this the **30** day of **April, 2010.**

_____
Thad Heartfield
United States District Judge